IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEGACY SEPARATORS, LLC, and GUY MORRISON III<br>Plaintiffs,<br><br>v.<br><br>HALLIBURTON ENERGY SERVICES, INC., HALLIBURTON GLOBAL DIT, INC., GLOBAL OILFIELD SERVICES, LLC, OILFIELD PRODUCTS SUPPLY CORPORATION, PINE BROOK ROAD PARTNERS LLC d/b/a PINE BROOK PARTNERS, and J. WAYNE RICHARDS,<br>Defendants. | Civil Action No. 4:14-cv-02081, consolidated with Civil Action No. 4:14-cv-03110<br><br>JURY TRIAL DEMANDED |
| HALLIBURTON ENERGY SERVICES, INC.,<br>Counter-Plaintiff,<br><br>v.<br><br>LEGACY SEPARATORS, LLC, and GUY MORRISON III<br>Counter-Defendants. | |

**LEGACY'S MOTION TO QUASH OR MODIFY HALLIBURTON'S SUBPOENAS TO LEGACY'S ATTORNEYS**

Pursuant to Federal Rule of Civil Procedure 26(b)(2) and 45(d)(3), and related authorities, Legacy and Guy Morrison file this Motion to Quash or Modify Halliburton's Subpoenas to Legacy's Attorneys. Attorneys that represented Morrison or Legacy owe an ethical duty to them, and communications between Guy Morrison and Legacy and these attorneys are privileged. Halliburton's subpoenas (Exs. A-F) are overly broad, burdensome, harassing and seek privileged information from Plaintiffs' current and former counsel. Moreover, the

subpoenas seek discovery that can be obtained from other sources that are more convenient, less burdensome and less expensive.

Halliburton has subpoenaed Mr. Stanley Ward (Ex. A), Legacy's former trial counsel in this lawsuit, and five individual attorneys at Legacy's current firm, Hall, Estill, Hardwick, Gable, Golden & Nelson. (Exs. B-F.)  Two Hall, Estill attorneys (Messrs. Mitchell McCarthy and Phillip Free) have appeared for Legacy in this lawsuit, and all five have represented Plaintiffs during this dispute with Halliburton. Each subpoena includes 22 identical document requests.[1] Every request is objectionable, and Plaintiffs have expressly objected. *See* Legacy's Objections to Halliburton's Subpoenas to Attorneys (Ex. G). Halliburton's subpoenas should be quashed.

**ARGUMENT**

Pursuant to the Federal Rules, the Court must limit the extent of discovery otherwise allowed if the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive" (Fed. R. Civ. Pro. 26(b)(2)(C)) and are "required" to quash subpoenas if they subject a person to an undue burden or request privileged matter. (Fed. R. Civ. Pro. 45(d)(3)). Halliburton's subpoenas do all three.

1.  **The Requested Information Can Be Obtained From Other Sources Without Burdening Third Parties (Requests 1-22).**

Request Nos. 1-7, 10-12, 15-16 and 18-22 target information in Plaintiffs' custody and control: engagement agreements between each attorney and Morrison, Legacy, and any person or entity associated with Morrison or Legacy; correspondence with Plaintiffs; communications with third parties on behalf of Plaintiffs; and documents received from Plaintiffs in the course of their

---

[1]    The Requests are numbered 1-22. However, Request 21 (identical in all six subpoenas) includes two separate, unrelated document requests, evidencing the haste with which these six subpoenas were issued, with little or no attempt to avoid undue burden on the recipients.

2

representation. All of this information can be obtained, if relevant and non-privileged, by serving discovery on Plaintiffs.

Request Nos. 13 and 14 seek information in the custody and control of Legacy minority interest owner Russell Self: correspondence between the attorneys and Self; correspondence between the attorneys and third parties on behalf of Self. To the extent any of this information is relevant or non-privileged, it can be obtained from Mr. Self.

Request Nos. 8-9 seeks information in the custody and control of Halliburton: correspondence between you and Halliburton; correspondence between you and Global.

It will be less burdensome and less expensive to obtain the requested information from the parties to this case, rather than requiring out-of-state lawyers to respond to these subpoenas.

## 2. The Subpoena Requests are Overly Broad and Unduly Burdensome (Requests 1-22).

Halliburton must have taken "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Am. Fed. Of Musicians of United States and Canada v. Skodam Films, LLC*, 2015 WL 7771078, *3 (N.D. Dal. Dec. 3, 2015). Halliburton has completely failed to do so.

It cannot be disputed that Halliburton's 22 identical requests to each attorney are overly broad, unduly burdensome, and request documents with no relevance to the claims or defenses in this case. By way of example, Halliburton's subpoenas are so broad that they request every communication sent by each attorney to anyone, on any subject matter, at any time, on behalf of Legacy or Mr. Morrison, and all "non-privileged" communications between each attorney and Morrison or Legacy.[2] Further, each subpoena requests all "non-privileged" documents relating to

---

[2] Of the 23 requests, 6 of them are prefaced with "non-privileged," which is inadequate to sufficiently narrow the overly burdensome scope of Halliburton's subpoena because privileged documents are not

any lawsuit or potential lawsuit handled by each attorney for Mr. Morrison, Legacy, Mr. Self, or

relating to gas separators, regardless of the participants. *See, e.g.:*

> Req. No. 3:   All non-privileged correspondence between you and Morrison or Legacy.
>
> Req. No. 4:   Any correspondence between you and a third party on behalf of Morrison or any person or entity associated with Legacy.
>
> Req. No. 5:   Any correspondence between you and a third party on behalf of Legacy or any person or entity associated with Legacy.
>
> Req. No. 13:   Any non-privileged correspondence between you and Self.
>
> Req. No. 14:   Any correspondence between you and a third party on behalf of Self.
>
> Req. No. 15:   All non-privileged documents related to any Matter handled by you on behalf of Morrison.
>
> Req. No. 16:   All non-privileged documents related to any Matter handled by you on behalf of Legacy.
>
> Req. No. 17:   All non-privileged documents related to any Matter handled by you on behalf of Self.
>
> Req. No. 18:   All non-privileged documents related to any Matter handled by you regarding gas separation.

Exs. A-F.

Moreover, none of the requests are limited to any timeframe. Without a time limitation,

Halliburton's subpoenas cover activity well after this lawsuit was filed. The relevance of any

post-litigation documents to any claim or defense in this lawsuit is highly suspect. *See* Fed. R.

Civ. Pro. 26(b)(1) (limiting discovery to "matter that is relevant to any party's claim or defense

and proportional to the needs of the case"). Nor does Halliburton limit the requests to the subject

matter at issue in this lawsuit. The subpoena simply requests all such communications or

---

discoverable. *See* Fed. R. Civ. P. 26(b)(1) (limiting discovery to "any nonprivileged matter that is relevant").

agreements. *See Andra Grp., LP v. JDA Software Grp., Inc.*, No. 3:15-MC-11-K-BN, 2015 WL
1636602, at *6 (N.D. Tex. Apr. 13, 2015) (finding subpoena to non-party facially overly broad
when seeking "all documents concerning the parties … regardless of whether those documents
related to that action and regardless of date"). The subpoenas are therefore facially overly broad
and unduly burdensome.

Even more egregious is Halliburton's request for all communications with Halliburton
(Req. No. 9) wherein Halliburton is requesting that each non-party attorney produce back to
Halliburton communications with Halliburton. Exs. A-F. Halliburton is a party to this action, and
the subpoenaed attorneys are either former or current counsel to Legacy. Halliburton can make
no colorable argument as to why non-party, individual attorneys should produce these
documents. *See* Fed. R. Civ. Pro. 26(b)(2)(C) (considering whether the discovery could be
obtained from some other more convenient, less burdensome, or less expensive source). As the
recipient of the communication, Halliburton already necessarily has access to all of the
communications. Halliburton should be sanctioned for its lack of effort to even attempt
reasonable steps to avoid imposing an undue burden on each attorney. *See Am. Fed. Of
Musicians*, 2015 WL 7771078 at *3 (sanctioning counsel for overly broad requests).

### 3.   The Subpoenas Request Privileged Documents (Requests 1-2, 4-7, 10-12, 14, 19-22).

It is self-evident that relevant documents Morrison's and Legacy's attorneys would have
are privileged (including protected by the work product doctrine) because they would relate to
their representation Mr. Morrison and Legacy. Indeed, Request 19 asks for "documents related to
gas separation, gas separators, or artificial lift systems … as a result of your representation of
Morrison." Exs. A-F at 12. Many of the requests therefore squarely include privileged
communications, such as requests for "Any drawings of gas separators provided to you by a

lawyer formerly representing Morrison or Legacy"; "all drawings of gas separators provided by Morrison or Legacy to you"; "Any drawings of gas separators provided by you to Morrison or any person or entity associated with Morrison"; and "All documents authored by you related to U.S. Patents 6,761,215 or 8,424,597, or any other gas separator technology patent." *See* Exs. A-F (Req. Nos. 6, 7, 11, 21). Those requests include privileged documents.

## CONCLUSION

Halliburton's subpoenas include 22 overly broad requests to non-party attorneys designed solely for the purpose of harassment. The subpoenas are facially overly broad, including requests unlimited in time or subject matter. Moreover, the subpoenas request documents that are already in Halliburton's possession, privileged (including protected by the attorney work product), not relevant to this case, or available from other sources for less burden and expense. All six subpoenas should be quashed.

Dated: January 29, 2016.

Of Counsel:

Mitchell K. McCarthy
Hall, Estill, Hardwick, Gable,
 Golden & Nelson
100 N. Broadway, Suite 2900
Oklahoma City, Oklahoma 73102
(405) 553-2828
(405) 232-8004 (Fax)

Respectfully submitted,

/s/ R. Paul Yetter
R. Paul Yetter
State Bar No. 22154200
Attorney in Charge
pyetter@yettercoleman.com
Eric P. Chenoweth
State Bar No. 4006989
echenoweth@yettercoleman.com
Pamela L. Hohensee
State Bar No. 09812250
phohensee@yettercoleman.com
YETTER COLEMAN LLP
909 Fannin, Suite 3600
Houston, Texas 77010
(713) 632-8000
(713) 632-8002 (Fax)

Attorneys for Plaintiffs
Legacy Separators, LLC and
Guy Morrison III

## CERTIFICATE OF CONFERENCE

In accordance with LR 7.1, I hereby certify to the Court that I have conferred with counsel for Halliburton in an effort to resolve the issues contained in this motion without the necessity of Court intervention, and opposing counsel opposes this motion.

*/s/ Eric P. Chenoweth*
Eric P. Chenoweth

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on January 29, 2016.

*/s/ Eric P. Chenoweth*
Eric P. Chenoweth