IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEGACY SEPARATORS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HALLIBURTON ENERGY SERVICES, INC.,<br><br>Defendant. | Civil Action No. 4-14-cv-02081 (Lead Case)<br><br>JURY TRIAL DEMANDED |
| LEGACY SEPARATORS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HALLIBURTON ENERGY SERVICES, INC., HALLIBURTON GLOBAL DIT, INC., GLOBAL OILFIELD SERVICES, LLC, OILFIELD PRODUCTS SUPPLY CORPORATION, and J. WAYNE RICHARDS,<br><br>Defendants. | Civil Action No. 4-14-cv-03110 (Consolidated Case)<br><br>JURY TRIAL DEMANDED |
| HALLIBURTON ENERGY SERVICES, INC.,<br><br>Counter-Plaintiff,<br><br>v.<br><br>LEGACY SEPARATORS, LLC, and GUY MORRISON III, Individually,<br><br>Counter-Defendants. | |

**HALLIBURTON'S SUR-REPLY IN OPPOSITION TO LEGACY'S
MOTION TO QUASH HALLIBURTON'S SUBPOENAS TO LEGACY'S ATTORNEYS**

Legacy's Reply brief (Dkt. No. 267) is full of inaccurate or inapposite legal propositions and confuses Halliburton's requests for documents. The only relevant issue the Court has to decide is: are Halliburton's subpoenas to Legacy's attorneys proper, and should they be compelled to produce documents responsive to those subpoenas? The answer to both is yes.

1

McKool 1156669v2

**First**, there is no prohibition on subpoenaing a party's current or former lawyers. As the case law cited by both parties indicates, lawyers are routinely subpoenaed, especially in patent cases. The prosecution history file residing with the patent prosecuting attorney are relevant files in a patent case. Legacy attempts to distinguish case law by arguing that inequitable conduct is not at issue in this case, but fails to address the point that Halliburton has every right to investigate and gather information to determine if an inequitable conduct claim can be lodged at some point in this case. The patent prosecution file possessed by the prosecuting lawyer is the key to such investigations because it can show whether there was information material to patentability that was withheld from the USPTO—the basis for any inequitable conduct claim. The fact that one of the patent prosecutors is also trial counsel of record does not insulate his files from discovery.

**Second**, Legacy's focus on privilege is misplaced. Halliburton has told Legacy and this Court that it is not seeking anything privileged from these lawyers. Moreover, if any of Legacy's Attorneys believe that a responsive document is privileged, they may simply make that claim and follow the appropriate Federal Rules for withholding privileged documents. Legacy makes much ado about the *Spalding* case, but that case is inapposite and stands for the unremarkable proposition that an invention disclosure statement sent to counsel seeking legal advice is privileged. *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 802 (Fed. Cir. 2000). A district court in California succinctly describes why Legacy's reliance on *Spalding* is misplaced by stating, "*Spalding* does not insulate otherwise discoverable information simply because it is included in a privileged communication. The decision merely clarified that privileged communications themselves—in that case, an invention disclosure form—are not discoverable

even if the subject matter of the communication is discoverable." *Vasudevan Software, Inc. v. IBM*, 2011 U.S. Dist. LEXIS 47764 (N.D. Cal. Apr. 27, 2011).

Halliburton is not seeking communications in which Legacy sought legal advice from its lawyers. Quite to the contrary, Halliburton is seeking the non-privileged parts of the file history that Legacy highlights in its reply. ("Communications of 'technical information' between client and attorney for the purposes of submission to the Patent Office are not privileged. Further, underlying facts do not become privileged simply because they were transmitted from client to attorney.") Legacy Br. at 3. As a very specific example, if there is prior art in the prosecution file that should have been sent to the USPTO but was not, Halliburton has a right to know that fact. This sort of document falls squarely in the non-privileged arena of patent prosecution files.

Additional documents that may be present in the lawyers' files are attempted sales by Legacy. Legacy's only response to this example is that "[i]t makes no sense that Legacy's attorneys would have these documents instead of Legacy." Legacy Br. at 4. Such response begs the question whether they have even performed a reasonable search for these documents. To Halliburton, it makes perfect sense because Legacy has a history of doing business with a company and then suing them for theft of trade secrets. Legacy and Mr. Morrison did exactly that in 2010 against Eddie's Submersible Service, Inc. *Guy Morrison v. Eddie's Submersible Service, Inc. and Global Production Solutions, Inc.*, CJ-2010-212, 23rd District Court, Pottawomie County, Oklahoma (filed in 2010, dismissed without prejudice in 2012. If his lawyers have files related to his prior attempts to sell products and then sue his business counterpart, Halliburton is entitled to those documents.

**Third**, Halliburton's requests are not overbroad and it is unlikely that the volume of documents in the lawyer's possession is unreasonably large. Halliburton would expect that the

3

lawyers keep client files in an orderly manner that can be easily reviewed and produced. Neither Legacy nor any of its lawyers have attempted to work with Halliburton to discuss the subpoena. Halliburton remains willing to answer any questions any of the lawyers have about the scope of the requests. Modification is always preferred over quashing but Legacy and its lawyers refuse to engage in the process. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

**Fourth**, Legacy's accusations about the availability of documents to Halliburton from other sources is misplaced. If Legacy or its lawyers would engage in meaningful discussions with Halliburton, Halliburton could make clear that it is not seeking documents from the lawyers that it already has. Halliburton simply wants the documents that the lawyers have that are not accessible to Halliburton by alternate means. If Legacy has possession of such documents and they will produce them, that would satisfy Halliburton's request, but Legacy has made no such representations to Halliburton or this Court.

The Court should deny Legacy's Motion and compel Legacy's lawyers to produce responsive documents in response to Halliburton's proper Fed. R. Civ. P. 45 subpoenas.

Dated:  February 25, 2016					Respectfully submitted,

							/s/  Aimee P. Fagan
							Aimee Perilloux Fagan
							Texas State Bar No. 24010299
							afagan@mckoolsmith.com
							Scott W. Hejny
							Texas State Bar No. 24038952
							shejny@mckoolsmith.com
							Phillip M. Aurentz
							Texas State Bar No. 24959404
							paurentz@mckoolsmith.com
							Meredith Elkins
							Texas State Bar No. 24084584
							melkins@mckoolsmith.com
							Colleen Bloss
							Texas Bar No. 24082160
							cbloss@mckoolsmith.com
							**MCKOOL SMITH, P.C.**
							300 Crescent Court Suite 1500
							Dallas, TX 75201
							Telephone: (214) 978-4000
							Telecopier: (214) 978-4044

							**ATTORNEYS FOR DEFENDANT AND COUNTERCLAIM-PLAINTIFF HALLIBURTON ENERGY SERVICES, INC. AND J. WAYNE RICHARDS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served electronically on all counsel of record via e-mail on February 25, 2016.

							/s/ Aimee P. Fagan
							Aimee P. Fagan