United States District Court
Southern District of Texas
**ENTERED**
August 03, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEGACY SEPARATORS, LLC, AND GUY MORRISON III, <br><br> Plaintiffs, <br><br> v. <br><br> HALLIBURTON ENERGY SERVICES, INC., HALLIBURTON GLOBAL DIT, INC., GLOBAL OILFIELD SERVICES, LLC, OILFIELD PRODUCTS SUPPLY CORPORATION, PINE BROOK ROAD PARTNERS LLC d/b/a PINE BROOK PARTNERS, and J. WAYNE RICHARDS, <br><br> Defendants. <br><br> HALLIBURTON ENERGY SERVICES, INC., <br><br> Counter-Plaintiff, <br><br> v. <br><br> LEGACY SEPARATORS, LLC, and GUY MORRISON III, <br><br> Counter-Defendants | Civil Action No. H-14-02081 |

## ORDER

Before the Magistrate Judge is Legacy's Motion to Quash or Modify Halliburton's Subpoenas to Legacy's Attorneys (Document No. 242), Halliburton's Response to Legacy Separators, LLC's Motion to Quash or Modify Halliburton's Subpoenas to Legacy's Attorneys (Document No. 264), Legacy's Reply in Support of Motion to Quash Halliburton's Subpoenas to

Legacy's Attorneys (Document No. 267), and Halliburton's Sur-Reply in Opposition to Legacy's Motion to Quash Halliburton's Subpoenas to Legacy's Attorneys (Document No. 274).

Plaintiffs in this patent infringement and trade secret misappropriation case seek to quash or modify Defendants subpoenas to their attorneys.[1] Each subpoena includes 22 identical document requests, which Plaintiffs claim (1) are overly broad and unduly burdensome; (2) can be obtained from other sources without burdening third parties; and (3) request privileged documents and are protected by the work product doctrine. Defendants reject each of Plaintiffs claims.

### A. The Subpoena Requests Are Overly Broad and Unduly Burdensome

Plaintiffs assert Halliburton's subpoenas are broad because they request every communication sent by each attorney to anyone, on any subject matter, at any time, on behalf of Legacy or Guy Morrison ("Morrison"), and all non-privileged communications between each attorney and Morrison or Legacy. Further, Plaintiffs contend each subpoena requests all non-privileged documents relating to any lawsuit or potential lawsuit handled by each attorney for Morrison, Legacy, Russell Self ("Self"), or relating to gas separators, regardless of the participants.[2] Plaintiffs state that none of Halliburton's requests are limited to any timeframe or even the subject matter at issue in this lawsuit. Halliburton argues their requests are bound by

---

[1] Halliburton has subpoenaed Mr. Stanley Ward, Legacy's former trial counsel in this lawsuit, and five individual attorneys at Legacy's current firm, Hall, Estill, Hardwick, Gable, Golden & Nelson. Two Hall, Estill attorneys (Mitchell McCarthy and Phillip Free) have appeared for Legacy in this lawsuit, and all five have represented Plaintiffs during this dispute with Halliburton.

[2] Plaintiffs point to 9 of the 22 document requests in support of this argument: Req. No. 3: All non-privileged correspondence between you and Morrison or Legacy; Req. No. 4: Any correspondence between you and a third party on behalf of Morrison or any person or entity associated with Legacy; Req. No. 5: Any correspondence between you and a third party on behalf of Legacy or any person or entity associated with Legacy; Req. No. 13: Any non-privileged correspondence between you and Self; Req. No. 14: Any correspondence between you and a third party on behalf of Self; Req. No. 15: All non-privileged documents related to any Matter handled by you on behalf of Morrison; Req. No. 16: All non-privileged documents related to any Matter handled by you on behalf of Legacy; Req. No. 17: All non-privileged documents related to any Matter handled by you on behalf of Self; Req. No. 18: All non-privileged documents related to any Matter handled by you regarding gas separation.

2

relevance to this case, and in a complex case with many facts and parties, it is entitled to ask for an encompassing range of documents. Halliburton also stresses it is open to narrowing its requests or dropping any requests for documents that Legacy's attorneys do not have, but that Legacy's attorneys have avoided any such conference. Halliburton believes the subpoenas should not be quashed without an attempt to comply by Legacy's attorneys.

To determine whether the subpoena presents an undue burden, courts consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. *Id.* A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad. *Id.*

The Court finds the subpoenas here to be facially overbroad for reasons given by Plaintiffs. Therefore, Halliburton must narrow its requests in consideration of the above factors. Once Defendants have narrowed their requests, Plaintiffs must confer with Halliburton to discuss modifications to be made if necessary, as required by this Court's local rules.

**B.     Whether the Requested Information Can Be Obtained from Other Sources Without Burdening Third Parties**

Legacy states a majority of the document requests (nos. 1-16 and 18-22) target information in the custody and control of Plaintiffs, Self, or Defendants, and that it would be less burdensome and expensive to obtain the requested information from the parties to this case, rather than requiring out-of-state lawyers to respond to these subpoenas. Defendants argue Legacy's attorneys are in the best position to fulfill these document requests, and Halliburton has

3

an interest in knowing which documents Legacy's attorneys possess. Halliburton makes clear, however, that it wants the documents the lawyers have that are not accessible to Halliburton by alternate means. If Legacy has possession of such documents and they will produce them, that would satisfy Halliburton's request. Therefore, the issue of where to best obtain the requested information can be resolved during the conference period after Halliburton has narrowed its subpoena.

C.     **Whether the Subpoena Requests Are Privileged**

Legacy argues the subpoena requests are privileged (requests 1-2, 4-7, 10-12, 14, 19-22) and protected by the work product doctrine because they would relate to their representation of Morrison and Legacy and include documents related to gas separation, gas separators, or artificial lift systems as a result of representing Morrison. Halliburton argues the document requests make clear that it is not requesting privileged documents, and it requests documents such as Legacy's attorneys' communications with third-parties, the contents of patent prosecution files, and payment arrangements, none of which are privileged.

Whether the attorney-client privilege applies should be determined on a case-by-case basis. *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 805 (Fed. Cir. 2000). The privilege exists to protect not only the giving of professional advice to those who can act on it, but also the giving of information to the lawyer to enable him to give sound and informed advice. *Id.* Accordingly, the central inquiry is whether the communication is one that was made by a client to an attorney for the purpose of obtaining legal advice or services. *Id.*

Halliburton claims it is not seeking communications in which Legacy sought legal advice from its lawyers, but rather the non-privileged parts of the file history Legacy underscores in its reply. This includes communications of technical information between client and attorney for the

4

purposes of submission to the Patent Office. Once Halliburton narrows its document requests, this issue can be addressed when both parties confer and discuss potential modifications to the subpoena. At that point, if any of Legacy's attorneys believe a responsive document is privileged, they can make that claim and follow the appropriate Federal Rules for withholding privileged documents.

## CONCLUSION

Having considered Plaintiffs motion, Defendants response, and the replies from both parties, it is ORDERED that Plaintiffs Motion to Quash or Modify Halliburton's Subpoena to Legacy's Attorneys (Document No. 242) is GRANTED. The Court's ruling does not mean Halliburton's document requests do not request relevant information it needs for this case, but rather that the requests must be narrowed as discussed in this Order, and once this has been done the parties must confer to make appropriate modifications.

SIGNED at Houston, Texas, on this 2d day of August, 2016.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE