Case 4:14-cv-02081   Document 352   Filed in TXSD on 08/16/16   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
August 17, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEGACY SEPARATORS LLC, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-2081 |
| | § | |
| HALLIBURTON ENERGY SERVICES INC; | § | |
| cp HALLIBURTON COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER AND OPINION**

Before the Court are Defendant Pine Brook Road Partners' ("Pine Brook's") Objections to the Magistrate Judge's Denial of Halliburton's Motion to Strike Claims against Pine Brook. (Document No. 211). Plaintiffs Legacy Separators, LLC ("Legacy") and Guy Morrison III ("Morrison") have filed a Response (Document No. 219), and Pine Brook then filed a Reply (Document No. 252). Having considered these filings, the facts, and the applicable law, the Court concludes that Pine Brook's Objections (Document No. 211) are OVERRULED.

**Background**

On September 4, 2015, Plaintiffs Legacy and Morrison filed their First Amended Complaint (Document No. 107), which amended claims against Defendant Halliburton and joined Defendant Pine Brook in the case. On October 22, 2015, Defendants Halliburton and J. Wayne Richards filed a Motion to Strike Plaintiff's claims against Pine Brook (Document No. 136), alleging that the claims were not timely filed. On December 23, 2015 the Magistrate Judge denied the Motion to Strike, stating that although "the motion was filed without leave of court and past the deadline in the Scheduling Order for motions for leave to amend and join new parties," there was good cause to allow the joinder of Pine Brook, and to extend the remaining

deadlines in the Scheduling Order. (Document No. 197 at 1).

In response to this Order, Pine Brook filed Objections (Document No. 211) and a Motion for Reconsideration (Document No. 212) in January of 2016. After a hearing, the Magistrate Judge denied the Motion for Reconsideration in an Order dated February 26, 2016 (Document No. 281). The Order explained that Plaintiffs, "given the nature and scope of the motions that were pending at the time [the] deadline for amending pleadings expired, exercised sufficient diligence to warrant the late amendment." *Id*. at 1. Pine Brook's Objections remain pending.

**Discussion**

*Standard of Review of the Magistrate Judge's Order*

The parties disagree as to whether the Magistrate Judge's Order was dispositive. Fed. R. Civ. P. 72 provides for different standards of review of a magistrate judge's order, depending on whether the order is dispositive. For a nondispositive matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72. However, for a dispositive motion, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*.

The Court agrees with Plaintiffs that the Magistrate Judge's Order was not dispositive. Declining to strike Plaintiffs' claims against Pine Brook was not a ruling on the merits, and does not "finally resolve" the claims against Pine Brook. *Vaquillas Ranch Co. v. Texaco Expl. & Prod., Inc.*, 844 F. Supp. 1156, 1160 (S.D. Tex. 1994) ("[I]t is only those rulings which finally resolve a party's 'claim or defense' which are considered 'dispositive' within the meaning of § 636(b) and Fed. R. Civ. P. 72.").[1] Allowing Plaintiffs' claims against Pine Brook to remain is not

---

[1] The Court in *Vaquillas Ranch* also found "persuasive the reasoning and analysis of those authorities holding that the term 'dispositive' refers to the list of motions that a magistrate judge may not determine found in §

a final resolution. Furthermore, the opposite decision would have ended the claims for the purposes of *this litigation*, but would not have prevented Plaintiffs from filing suit against Pine Brook in a separate case. Therefore this Court will apply a "clearly erroneous" standard when reviewing the Magistrate Judge's Order. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995).

*Untimely Nature of Plaintiff's Joinder of Pine Brook*

The Court agrees with Pine Brook that its joinder in this case was not timely.[2] On September 4, 2015, without seeking leave of the Court, Plaintiffs joined Pine Brook as a defendant in its First Amended Complaint. (Document No. 107). However, this joinder occurred too late under both of the relevant scheduling orders. The Court first issued a Scheduling Order on February 4, 2015, which stated that "motions for leave to amend pleadings and join new parties will be filed by June 6, 2015." (Document No. 92). Plaintiffs did not file a motion for leave as required under this scheduling order. Furthermore, Plaintiffs did not file until September, which was past the deadline.

On March 20, 2015, the parties (including Plaintiffs) submitted a Joint Motion asking the Court to amend and clarify its prior scheduling order. (Document No. 94). The Court did so on March 27, 2015. (Document No. 98). The second scheduling order stated that "it is not necessary to file a motion to join additional parties before this date [December 5, 2014[3]]. Thereafter, it is necessary to obtain leave of court to join additional parties." *Id*. at 1. Plaintiffs' addition of new

---

636(b)(1)(A)," a list which does not include motions to strike. 844 F. Supp. 1156, 1160 (S.D. Tex. 1994) (citations omitted).

[2] The Magistrate Judge's Order similarly found that Plaintiffs added Pine Brook past the deadline. (Document No. 197 at 1).

[3] Plaintiffs complain that this date is retroactive. (Document No. 184 at 2). However Plaintiffs drafted this order (together with Defendants), and therefore are responsible for any retroactivity. Furthermore, Plaintiffs had ample opportunity to add parties without leave of court, because this case was first filed on March 17, 2014, and, by its own deadline, Plaintiffs could add new parties up to December 5, 2014.

parties without seeking leave of court violates this scheduling order.[4]

*Good cause*

As Plaintiffs' joinder of Pine Brook was not timely, it falls under Rule 16(b). *Veldekens v. GE HFS Holdings, Inc.*, No. CIV.A. H-06-3296, 2008 WL 190442, at *2 (S.D. Tex. Jan. 22, 2008) (The "Rule 16(b) 'good cause' standard, rather than the 'freely given' standard of Rule 15(a), governs a motion to amend the pleadings filed after the deadlines set in the scheduling order.") (citations omitted). "Rule 16(b) provides that a scheduling order 'shall not be modified except upon a showing of good cause and by leave of the district judge.' The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (citing 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). Using the good cause standard, the Court will consider "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id*. (citations omitted).

Pine Brook argues that the Magistrate Judge's Order "reflects an incorrect application of the law concerning amendments to Scheduling Orders," because it does not show that Plaintiffs have met their burden of demonstrating "that the deadline could not have been met despite the party's diligence." (Document No. 211 at 1-2). However, the Court agrees with the Magistrate Judge that Plaintiffs "exercised sufficient diligence to warrant the late amendment." (Document No. 281 at 1). The Order suggests that the Magistrate Judge's decision was based largely upon the "state of discovery," which is highly relevant to factors (1) and (4) under Rule 16(b), as

---

[4] The second scheduling order is silent regarding a deadline to join additional parties *with* leave of court. Therefore it left intact the June 6 deadline above, giving Plaintiffs approximately three more months to add additional parties. As noted, Plaintiffs did not meet this deadline.

described below. *Id*.

First, an agreed discovery order was not entered in this case until August 14, 2015. (Document No. 102). Therefore Plaintiffs could not have conducted discovery to obtain information relevant to claims involving Pine Brook before this date. In addition, even if Plaintiffs' counsel were on notice of some relevant documents in December 2014, their concern that those documents were subject to confidentiality restrictions is valid, because counsel became aware of the documents during arbitration with a separate client (Russell Self). (Document No. 244 at 5-6). Therefore Plaintiffs have supplied a sufficient explanation for their failure to timely move for leave to amend.

Furthermore, if Plaintiffs' claims against Pine Brook are valid (which is not at issue in these Objections), then the Court agrees that Pine Brook's joinder is important under the second factor. Many of the claims in this litigation are based upon the sale of Global to Halliburton, and, as an investor in Global, Pine Brook was involved in the sale. Therefore their joinder is "important" under the second consideration.

Finally, Pine Brook and Halliburton will not be prejudiced by this amendment. Continuances to allow ample time for Pine Brook to participate in discovery are available. In fact, continuances were already issued on February 26, 2016 and March 23, 2016 (Document Nos. 281, 294).[5] *See Conceal City, L.L.C. v. Looper Law Enf't, LLC*, No. 3:10-CV-2506-D, 2013 WL 5786281, at *3 (N.D. Tex. Oct. 28, 2013) (noting that "the court could address prejudice to [new defendants] by continuing the scheduling order deadlines and the trial date").[6]

---

[5] Regardless of the addition of Pine Brook, these continuances would have been necessary. For example, the prior scheduling order stated that fact discovery would be complete by April 15, 2016, and that expert discovery would be complete by June 24, 2016. (Document No. 98 at 4). Neither are complete.

[6] Pine Brook complains that it was not able to participate in claim construction; however, the claims against it are not patent claims. Pine Brook only cites one case for their argument that claim construction could determine their trade secret misappropriation liability: *Dow Chem. Canada, Inc. v. HRD Corp.*, 656 F. Supp. 2d 427 (D. Del. 2009). However in that case the court was explaining that an expert witness would not be permitted to testify to a jury about

Continuances will not prejudice Halliburton, because discovery in this case is still ongoing, and several discovery-related motions are still pending. As discovery is nowhere near its conclusion,[7] there is no evidence that Halliburton will be prejudiced by any delays necessitated by the addition of Pine Brook.

**Conclusion**

For the reasons stated above, the Court finds that the Magistrate Judge's decision not to strike the claims against Pine Brook was not clearly erroneous. Furthermore, Judge Stacy has been managing the discovery in this case, and therefore was best suited to determine whether Plaintiffs demonstrated good cause for their delay in joining Pine Brook as a party in this case. The Court hereby

ORDERS that Defendant's Objections (Document No. 211) are OVERRULED.

SIGNED at Houston, Texas, this 16th day of August, 2016.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

issues of law, including claim construction. *Id*. at n.2. The court merely mentioned the possibility that trade secret misappropriation claims might "ultimately turn on questions of claim construction," which is not convincing precedent. *Id*. The case also involved very different facts. The patent potentially requiring construction was alleged to contain the misappropriated trade secrets; its construction did not potentially make the trade secrets unenforceable (as Defendants argue). *Id*. at 434.

[7] The cases cited by Pine Brook for the proposition that delay in itself is prejudicial involved cases further along in the litigation process. *See*, *e.g.*, *Veldekens v. GE HFS Holdings, Inc.*, No. CIV.A. H-06-3296, 2008 WL 190442, at *4 (S.D. Tex. Jan. 22, 2008) ("But allowing such discovery, with the commensurate delay, is itself prejudicial *at this late stage of the litigation*.") (emphasis added).