United States District Court
Southern District of Texas

**ENTERED**

August 17, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEGACY SEPARATORS LLC, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-2081 |
| | § | |
| HALLIBURTON ENERGY SERVICES INC; | § | |
| cp HALLIBURTON COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

Before the Court is Defendant Pine Brook Road Partners' ("Pine Brook's") Motion to Dismiss (Document No. 143). Plaintiffs Legacy Separators LLC ("Legacy") and Guy Morrison III ("Morrison") filed a Response (Document No. 184), and Pine Brook filed a Reply (Document No. 188). Having considered these filings and the applicable law, the Court concludes that Pine Brook's Motion (Document No. 143) is PARTIALLY GRANTED and PARTIALLY DENIED.

Background

This is a Motion to Dismiss claims alleged against Defendant Pine Brook in Plaintiffs' First Amended Complaint, filed September 4, 2015. (Document No. 107). The Amended Complaint joined Pine Brook in the litigation against Defendants Halliburton and Global, generally alleging that Pine Brook, as an investor in Global, was involved in various illegal acts perpetrated by Halliburton and Global.[1] Specific claims against Pine Brook include trade secret misappropriation, aiding and abetting trade secret misappropriation, fraudulent misrepresentation, and fraudulent inducement. *Id*. at 12-18. Pine Brook's Motion to Dismiss (Document No. 143) argues that each of these claims is insufficient under either Rule 12(b)(6) or

---

[1] A general summary of the case is provided in the Western District of Oklahoma's Order transferring this case to the Southern District of Texas. (Document No. 58 at 1-2).

Rule 9(b).[2]

<u>Standard of Review</u>

*Rule 12(b)(6)*

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility standard is not akin to a "probability requirement," but asks for more than a "possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Id.* at 544.

*Rule 9(b)*

Federal Rule of Civil Procedure 9(b) provides, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person must be averred generally." "In every case

---

[2] Pine Brook's additional arguments are addressed in the Court's ruling on Pine Brook's Objections to the Magistrate Judge's Denial of Halliburton's Motion to Strike Claims against Pine Brook. (Document No. 211).

based upon fraud, Rule 9(b) requires the plaintiff to allege as to each individual defendant 'the nature of the fraud, some details, a brief sketch of how the fraudulent scheme operated, when and where it occurred, and the participants." *Hernandez v. Ciba-Geigy Corp. USA*, 200 F.R.D. 285, 291 (S.D. Tex. 2001). "'In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading.'" *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) (quoting *United States ex. rel. Riley v. St. Luke's Hosp.*, 355 F.3d 370, 381 (5th Cir. 2004)). "[T]he Fifth Circuit requires that the plaintiff allege the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby, otherwise referred to as the who, what, when, where, and how of the alleged fraud." *Juarez v. Nationwide Prop. & Cas. Ins. Co.*, No. CIV.A. H-10-2726, 2010 WL 5464267, at *1 (S.D. Tex. Dec. 29, 2010) (internal quotations omitted) (citing *U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 384 (5th Cir. 2003)).

A dismissal for failure to plead with particularity in accordance with Rule 9(b) is treated as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). If it appears that given an opportunity to amend the pleading, the plaintiff would be able to state a claim upon which relief could be granted, the court should grant leave to amend. *People's Choice Home Loan, Inc. v. Mora*, No. 3:06-CV-1709-G, 2007 WL 708872, *4 (N.D. Tex. Mar. 7, 2007) (citing *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp.2d 601, 608-09 (N.D. Tex. 2006)).

<u>Discussion</u>

Pine Brook first states that the Court should dismiss Plaintiffs' claims for fraudulent

misrepresentation and fraudulent inducement, because the claims fail to satisfy Rule 9(b)'s heightened pleading standard. (Document No. 143 at 10). Specifically, Pine Brook argues that "Plaintiff's First Amended Complaint fails to allege any facts suggesting that Pine Brook engaged in fraudulent misrepresentation or fraudulent inducement. In fact, Plaintiff fails to identify any representation made by Pine Brook, let alone a materially false one." *Id.* at 12.

The Court agrees, as neither cause of action in the Amended Complaint even *mentions* Pine Brook, let alone specifies misrepresentations made by Pine Brook. Furthermore, no misrepresentations made by Pine Brook are alleged in any other parts of the Amended Complaint. A material misrepresentation is required for claims of fraudulent misrepresentation and fraudulent inducement. *Harris Cty. Texas v. MERSCORP Inc.*, 791 F.3d 545, 558 (5th Cir. 2015); *Omni USA, Inc. v. Parker-Hannifin Corp.*, 798 F. Supp. 2d 831, 852 n.16 (S.D. Tex. 2011). Therefore, Plaintiffs' claims for fraudulent misrepresentation and fraudulent inducement fail to meet both the Rule 12(b)(6) standard and the heightened pleading standard under Rule 9(b).[3]

Next, Pine Brook states that "Plaintiff's aiding and abetting claim should be dismissed for failure to state a cognizable claim under Texas law." (Document No. 143 at 13). The Supreme Court of Texas has noted that this type of liability is an "open question," and considered the issue by analyzing (but not applying) the section regarding "concert of action" or "aiding and abetting" in the Restatement of Torts:

---

[3] Plaintiff's argument that "Global CEO Wayne Richards was acting as an agent for Pine brook" (Document No. 184 at 11) is inapposite, because these claims do not appear in the Amended Complaint. (Document No. 188 at 17) (citing *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008) ("[W]hen deciding, under Rule 12(b)(6), whether to dismiss for failure to state a claim, the court considers, of course, only the allegations in the complaint."); *Coach, Inc. v. Angela's Boutique*, C.A. No. H-10-1108, 2011 WL 2634776, at *2 (S.D. Tex. July 5, 2011) ("Allegations contained in a response to a motion to dismiss are not appropriately considered in a Rule 12(b)(6) motion, which evaluates the sufficiency of the complaint itself and does not consider allegations not contained in the pleadings."); *Bennett v. JPMorgan Chase*, No. 3:12-CV-212-N, 2013 WL 655059, at *5 n.4 (N.D. Tex. Feb. 5, 2013) ("Because Plaintiff raises these allegations for the first time in response to Defendants' motion [to dismiss], they are not considered.")).

> The Restatement also incorporates this principle, imposing liability on a person for the conduct of another which causes harm if the defendant:
>
> "(a) does a tortious act in concert with the other or pursuant to a common design with him, or
>
> (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or
>
> (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person."

*Juhl v. Airington*, 936 S.W.2d 640, 643 (Tex. 1996) (quoting Restatement (Second) of Torts § 876 (1977)). The Texas Supreme Court explained that "[t]he purpose of the concert of action theory is to deter antisocial or dangerous behavior," finding that even if Section 876(b) were adopted in Texas, protesting was not the type of dangerous activity which would support liability under the section. *Id*. at 644. Since the decision in *Juhl*, courts have found that trade secret misappropriation is not the type of conduct which would support an aiding and abetting claim under Texas law. In *West Fork Advisors v. SunGard Consulting Services*, a state appellate court stated that trade secret misappropriation is not dangerous behavior that falls "within the scope of the tort of aiding and abetting." 437 S.W.3d 917, 922 (Tex. App. – Dallas 2014, pet. denied). In *New York Pizzeria, Inc. v. Syal*, this Court explained that "[e]ven if Texas courts are open to recognizing aiding and abetting liability, it is [] unlikely that they will extend it to claims for aiding and abetting the competition-related torts [including misappropriation of trade secrets] at issue here," which do not include "antisocial or dangerous behavior." 56 F. Supp. 3d 875, 884 (S.D. Tex. 2014) (citing *Juhl*, 936 S.W.2d at 644; *SunGard Consulting*, 437 S.W.3d at 922).

Therefore, in *Syal*, Judge Costa dismissed the claims for aiding and abetting trade secret misappropriation, explaining that "in general, '[a] party who wants a court to adopt an innovative rule of state law should litigate in state rather than federal court.... Federal judges are disinclined to make departures in areas of law that we have no responsibility for developing.'" *Id*. (citations omitted). *See also Mem'l Hermann Healthcare Sys. Inc. v. Eurocopter Deutschland, GMBH*, 524

F.3d 676, 678 (5th Cir. 2008).[4] This Court agrees with the analysis in *Syal*, and will dismiss the aiding and abetting claims against Pine Brook.[5]

Pine Brook also argues that "Plaintiff's trade secret misappropriation claim should be dismissed for failure to state a claim." (Document No. 143 at 14). "To state a claim for trade secret misappropriation under Texas law, a plaintiff must (1) establish that a trade secret existed; (2) demonstrate that the trade secret was acquired by the defendant through a breach of a confidential relationship or discovered by improper means; and (3) show that the defendant used the trade secret without authorization from the plaintiff." *Joe N. Pratt Ins. v. Doane*, No. CIV.A. V-07-07, 2008 WL 819011, at *11 (S.D. Tex. Mar. 20, 2008) (citation omitted). Pine Brook argues that Plaintiffs have not alleged the second prong. (Document No. 188 at 21). The allegations relating to "improper means" state:

> Defendants did and do sell gas separators that require configuration settings derived from Legacy's trade-secret and otherwise confidential data. They disclosed or used this data in violation of confidential or contractual relationships with Plaintiffs. They disclosed or used this data after acquiring it through improper means and with notice that the

---

[4] In this case the appellants argued "that the Texas Supreme Court ha[d] not explicitly rejected an exception to the economic loss rule for post-sale negligence claims," and asked the Fifth Circuit to create such an exception "under the guise of making an 'Erie guess' as to what [it] believe[d] the Texas Supreme Court would likely do." The court declined to do so, explaining that "in hazarding an Erie guess, '[o]ur task is to 'attempt to predict state law, not to create or modify it.''" Furthermore, the court explained that it would "defer to intermediate state appellate court decisions, 'unless convinced by other persuasive data that the highest court of the state would decide otherwise.'" *Mem'l Hermann Healthcare Sys. Inc. v. Eurocopter Deutschland, GMBH*, 524 F.3d 676, 678 (5th Cir. 2008) (citations omitted). Similarly, this Court will defer to the state appellate court decision in *West Fork Advisors*, which is directly on point. *W. Fork Advisors, LLC v. SunGard Consulting Servs., LLC*, 437 S.W.3d 917, 922 (Tex. App. – Dallas 2014, pet. denied).

[5] Plaintiffs' arguments that these two cases are "problematic" or "mistaken" fail. (Document No. 184 at 14). Other cases cited by Plaintiffs rely on claims other than trade secret misappropriation, do not contain discussion of the relevant issues, and/or are outdated. *See Floyd v. Hefner*, 556 F. Supp. 2d 617, 654 (S.D. Tex. 2008) ("Texas recognizes a cause of action for aiding and abetting a breach of fiduciary duty."); *Acadia Healthcare Co., Inc. v. Horizon Health Corp.*, 472 S.W.3d 74, 84 (Tex. App.- Fort Worth 2015, pet. filed) (briefly noting jury verdict finding that defendants aided and abetted misappropriation of trade secrets); *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.2d 509, 514 (1942) ("It is settled as the law of this State that where a third party knowingly participates in the breach of duty of a fiduciary, such third party becomes a joint tortfeasor with the fiduciary and is liable as such.").

disclosure was improper.

(Document No. 107 at 12-13). First, these allegations refer to all Defendants, but make no specific mention of Pine Brook's involvement. For example, Pine Brook did not manufacture or sell the separators, and therefore seems ill-equipped to have used this data.[6] Furthermore, the Court agrees with Pine Brook that these allegations are "silent as to how Pine Brook supposedly acquired Plaintiffs' purported trade secrets," except for alleging that the data was acquired through improper means. (Document No. 188 at 21). This allegation is merely a "formulaic recitation" of the cause of action, and is insufficient under Rule 12(b)(6). *Twombly*, 550 U.S. at 544.

Lastly, Pine Brook argues that any trade secret misappropriation claims are barred by the three-year statute of limitations. (Document No. 143 at 16). Under Texas law, "[a] person must bring suit for misappropriation of trade secrets not later than three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered." Tex. Civ. Prac. & Rem. Code Ann. § 16.010(a). Plaintiffs filed these claims against Pine Brook in September 2015, which is more than three years after their occurrence (during the sale of Global in 2011-2012). (Document No. 107 at 8-9). However, Plaintiffs argue that their claims are not barred, because "they first became aware of Pine Brook's involvement shortly before filing their amended complaint." (Document No. 184 at 15). At this point, the Court does not have sufficient information to determine whether Plaintiffs knew or should have known about Pine Brook's involvement in any misappropriation. Although Plaintiffs do state that "[i]n late 2011, Legacy learned that Global had breached the Master Supply Agreement and had provided Legacy's confidential information to Halliburton without Morrison's knowledge or

---

[6] The allegations in the cause of action only state that Defendants "used" this data, but other portions of the Amended Complaint explain further, alleging that Global/Halliburton re-assembled and re-manufactured gas separators originally purchased from Legacy. (Document No. 107 at 9-10).

consent during the due diligence," this does not show that Plaintiffs were aware that *Pine Brook* was involved in Global's breach. Therefore, at this point in the litigation, the Court will not rule on whether Plaintiffs' claims are time barred.

Conclusion

Plaintiffs' claim for aiding and abetting trade secret misappropriation will be dismissed with prejudice, because it is unlikely to be recognized under Texas law. However, Plaintiffs' claims for fraudulent misrepresentation, fraudulent inducement, and trade secret misappropriation "might state a claim upon which relief could be granted" if re-pleaded. *Kennard*, 420 F. Supp. 2d at 608-09. Therefore the Court will deny Pine Brook's Motion as to those claims, and will grant Plaintiffs 30 days to amend their pleading.

Therefore, the Court hereby

ORDERS that Pine Brook's Motion (Document No. 143) is PARTIALLY GRANTED and PARTIALLY DENIED;

Plaintiffs' claim of aiding and abetting trade secret misappropriation is DISMISSED WITH PREJUDICE; and

Plaintiffs are GRANTED leave to file an amended complaint in accordance with this opinion. If Plaintiffs choose to do so, they must file within 30 days of the entry of this order.

SIGNED at Houston, Texas, this 16th day of August, 2016.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE